**Application of CALDWELL BONDED WAREHOUSES, Inc. (No. 2).**

Railroad & Public Utilities Commission.

August 13, 1953.

John M. Allison of Macfarlane, Ferguson, Allison & Kelly, Tampa, for applicant.

W. K. Zewadski, St. Petersburg, for H. W. Scramlin, d/b/a Ace Transfer Co., protestant.

D. R. Sudduth, d/b/a Sudduth Moving & Storage Co., Tampa, protestant, in propria persona.

Oscar Thomas, d/b/a Oscar's Transfer, St. Petersburg, protestant, in propria persona.

Goodall Transfer & Storage Co., St. Petersburg, protestant.

BY THE COMMISSION.

The commission by its duly designated examiner, George L. Patten, originally held a public hearing on the above application at Tampa on December 19, 1951. By his proposed order examiner Patten found that public convenience and necessity required the granting of the application and that the applicant was qualified financially and otherwise to conduct the proposed operations.

The commission, however, by its order no. 2704 entered on May 23, 1952, denied the application, finding that the applicant, Caldwell Bonded Warehouses, Inc. of St. Petersburg, was a new corporation with substantially the same stockholders as those of Caldwell Bonded Warehouses, Inc. of Tampa, that the Tampa corporation holds a statewide household goods certificate and that the granting of the application of the St. Petersburg company would give duplicate operating rights to two mutually owned companies.

A petition for rehearing and reconsideration was filed by the applicant. Said petition was granted and the application set for further hearing for the taking of additional testimony in accordance with the prayer of the petition. Further hearing was held before J. B. Norman as the designated examiner of the commission at Tampa on November 18, 1952.

Examiner Norman, by his proposed order, found that the application should be denied. Exceptions were filed by the applicant to this proposed order and oral argument was had before the commission.

On rehearing, applicant put in additional proof of public convenience and necessity and also proved that there are no common stockholders of both the Tampa corporation and the St. Petersburg corporation. The evidence does show that the two corporations have a common president and some of the officers of the Tampa corporation are stockholders of the St. Petersburg corporation.

On December 30, 1952, by order no. 2791 this commission promulgated a rule prohibiting household goods carriers on and after March 1, 1953 from domiciling motor vehicle equipment at any place other than their principal place of business as shown by their

original authority without further authority granted by the commission after proof of public convenience and necessity. This rule limits the Tampa corporation to the domiciling of motor vehicle equipment at Tampa only and would limit the applicant here to domiciling motor vehicle equipment at St. Petersburg only. In other words, the base of operations of each corporation would be in a separate municipality. In addition, by our order no. 2613 entered on September 28, 1951, the Tampa corporation is specifically limited to maintenance of offices and domiciling equipment in Tampa only. It is now apparent, therefore, that the authority here sought would not duplicate the authority held by Caldwell Bonded Warehouses, Inc. of Tampa and the application should not be denied on grounds of close association of these corporations.

The commission's order no. 2791 aforesaid, adopting rules and regulations governing household goods carriers, also prohibited such carriers from leasing a motor vehicle from a person, firm or corporation which is the agent of such carrier and prohibited a household goods carrier from transporting a shipment or shipments in a leased vehicle which shipment or shipments were procured either directly or indirectly by the lessor of such vehicle or such lessor's agent. This rule was designed to put an end to a practice which had grown up over a period of years among household goods carriers. Prior to this rule, household goods carriers holding authority from the commission freely passed their authority on to others not holding authority through lease and agency arrangements whereby transportation was actually performed by an agent-lessor of vehicles without authority from the commission obtained by such agent-lessor but under the authority of the lessee-principal. Prior to March 1, 1953, the effective date of said rules, the applicant here, for a considerable period of time acted as the agent of the Tampa corporation in the intrastate transportation of household goods into and out of St. Petersburg. Applicant is now prohibited, however, from performing any intrastate transportation for the Tampa corporation and the Tampa corporation is prohibited from domiciling motor vehicle equipment at any place other than in Tampa.

Said order no. 2791 authorized each carrier under the jurisdiction of the commission, upon filing an application on or before March 1, 1953 for an extension of its certificate of public convenience and necessity, to temporarily domicile motor vehicle equipment under its existing lease arrangement and practices, or under its ownership and control, at the places named for the additional domiciling of equipment in said application pending public hearing on and final disposition of said application by the commission. The

Tampa corporation has not filed an application for extension of its certificate but its St. Petersburg agent here seeks authority from the commission in its own right.

After due consideration of the testimony and evidence adduced in this cause the commission finds that public convenience and necessity require the granting of the application, restricted to the maintenance of offices and domiciling of equipment in St. Petersburg only. The commission further finds that the granting of this application will have no appreciable adverse effect on transportation facilities within the territory sought to be served by the applicant or upon transportation as a whole within said territory. Applicant is qualified financially and otherwise to conduct the proposed operations.

It is therefore ordered and adjudged that certificate of public convenience and necessity no. 454 be and it is hereby issued to Caldwell Bonded Warehouses, Inc. of St. Petersburg, 2232 So. 5th Avenue, St. Petersburg, authorizing the operation of an auto transportation company as a common carrier of household goods between all points and places in Florida, over irregular routes, restricted to the maintenance of offices and domiciling of motor vehicle equipment in St. Petersburg only. It is further ordered that applicant file with the commission evidence of compliance with its rules governing insurance.